IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| GERVIN ESAU XALIN-LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-469 (AJT-IDD) |
| PAMELA BONDI, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Before the Court is Petitioner Gervin Esau Xalin-Lopez's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on February 17, 2026. Petitioner is a citizen of Guatemala who entered the United States without inspection in 2013. *Id.* ¶¶ 16, 25. On February 11, 2026, Petitioner was arrested by ICE officers and transported to Caroline Detention Facility, where he is currently detained without the opportunity to post bond. *Id.* ¶¶ 9, 13, 15.

On February 20, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4].[1] Accordingly, the Court incorporates the filings in *Hernandez* into the record of this habeas action. For the reasons stated in *Hernandez*, the Petition is GRANTED, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and

---

[1] Petitioner also challenges his detention under the Eighth Amendment, which was not a basis for the Court's ruling in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025). Since the Court grants relief on Petitioner's due process claim, the Court does not opine on the merits of Petitioner's Eighth Amendment claim (Count II).

it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are ENJOINED from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
February 23, 2026

Anthony J. Trenga
United States District Judge

2